**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROANOKE INSURANCE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE and SHIPCO TRANSPORT,<br><br>Defendants. | **DEFENDANT/THIRD-PARTY PLAINTIFF, KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE'S THIRD PARTY COMPLAINT**<br><br>**Case No.: 1:21-cv-10172-RA** |
| KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE<br><br>Third-Party Plaintiff,<br><br>v.<br><br>M/V ONE APUS, in rem, CHIDORI SHIP HOLDING LLC, JESSICA SHIP HOLDING S.A., OCEAN NETWORK EXPRESS, PTE. LTD. a/k/a ONE, NYK SHIPMANAGEMENT PTE LTD. HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG-LLOYD AG, HMM CO., LTD. f/k/a HYUNDAI MERCHANT MARINE CO., LTD., and YANG MING MARINE TRANSPORT CORP.<br><br>Third-Party Defendants. | |

**COMES NOW**, Defendant and Third-Party Plaintiff, KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE ("K+N"), by and through the undersigned attorneys, as and for its Third-Party Complaint against Third-Party Defendants, M/V ONE APUS, in rem, CHIDORI SHIP HOLDING LLC, JESSICA SHIP HOLDING S.A., OCEAN NETWORK EXPRESS, PTE. LTD. a/k/a ONE, NYK SHIPMANAGEMENT PTE LTD. HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG-LLOYD AG, HMM CO., LTD. f/k/a HYUNDAI

MERCHANT MARINE CO., LTD., and YANG MING MARINE TRANSPORT CORP. and alleges upon information and belief:

**JURISDICTION, THE PARTIES, AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the Supplemental Rules for Certain Admiralty and Maritime Claims, and within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

2. At all relevant times mentioned herein, Third-Party Plaintiff K+N was and still is a corporation organized and existing under foreign law and was and is engaged in the business as a non-vessel operating carrier ("NVOCC").

3. At all relevant times mentioned herein, the in rem Third-Party Defendant, M/V ONE APUS, was and is a commercial containership registered in Japan with Official Number 143426 and IMO No. 9806079 and was engaged in transporting goods by sea for hire.

4. At all relevant times mentioned herein, CHIDORI SHIP HOLDING LLC. ("CHIDORI") was and is a foreign corporation registered in Japan with its principal place of business at 2-2-1 Kyobashi, Chuo-ku, Tokyo, Japan.

5. At all relevant times mentioned herein, in rem Third-Party Defendant M/V ONE APUS (the "Vessel"), was and is a vessel owned by CHIDORI.

6. At all relevant times mentioned herein, JESSICA SHIP HOLDING S.A., ("JESSICA") was and is a foreign corporation registered in the Republic of Panama with its principal place of business at 15th Floor, Banco General Tower, Aquilino De La Guardia Street, Marbella, Panama City, Republic of Panama.

7. At all relevant times mentioned herein, the Vessel was and is bareboat chartered to JESSICA.

8. At all relevant times mentioned herein, NYK SHIPMANAGEMENT PTE LTD., ("NYK"), was and is a foreign corporation registered in Singapore with its principal place of business at 1 HarbourFront Place, #15-01 HarbourFront Tower One, Singapore, 098633.

9. At all relevant times mentioned herein, NYK managed the Vessel.

10. At all relevant times mentioned herein, OCEAN NETWORK EXPRESS PTE LTD., ("ONE") was and is a foreign corporation registered in Singapore with its principal place of business at 7 Straits View, #16-01 Marina One East Tower, Singapore, 018936.

11. ONE has a United States subsidiary, Ocean Network Express (North America) Inc., with an office and principal place of business at 8730 Stony Point Parkway, Richmond, Virginia, 23235. At all relevant times mentioned herein, the Vessel was and is time chartered to ONE.

12. At all relevant times mentioned herein, ONE had a Vessel Sharing Agreement (a "VSA", or commonly known as a "slot charter" agreement) with HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG-LLOYD AG ("Hapag-Lloyd"), HMM Co., Ltd. f/k/a HYUNDAI MERCHANT MARINE CO., LTD., and YANG MING MARINE TRANSPORT CORP.

13. At all relevant times, Hapag-Lloyd was and is a foreign corporation registered in Germany with its principal place of business at Hapag-Lloyd Havs, Ballindamn 25, 20095 Hamburg, Germany.

14. Hapag-Lloyd, HMM and Yang Ming as VOCCs issued one or more bills of lading for the cargo which is the subject of Plaintiff's Complaint against K+N.

15. Hereinafter, CHIDORI, JESSICA, NYK, Hapag-Lloyd, and ONE, Hapag Lloyds, HMM and Yang Ming collectively, are referred to as the "Carrier Defendants."

16. At all relevant times mentioned herein, Plaintiff Starr Indemnity & Liability Company ("Plaintiff") was and still is a corporation organized and existing under and by virtue of the laws of one of the states of the United States.

17. K+N hereby incorporates each and every allegation contained in its Answer to the Plaintiff's Complaint as if set forth at length herein. Attached hereto as Exhibit A is Plaintiff's Complaint and Exhibit B is K+N's Answer to Plaintiff's Complaint.

**FACTS**

18. K+N is a non-vessel operating common carrier that organizes Shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location, including from Asia to the United States.

19. K+N acts as an intermediary in the transportation of goods and contracts with vessel owning common carriers to physically move the goods upon the oceans and land-based transportation carriers for all other Shipments movements.

20. K+N contracted with Third-Party Defendants Hapag-Lloyd, HMM and Yang Ming as VOCCs and/or slot charterers, to arrange for the actual transport of the Shipments packed in the containers described in Plaintiff's Complaint aboard the Vessel.

21. On or about the dates and the ports of Shipments stated in Plaintiff's Complaint, each of the Shipments was loaded on board the M/V ONE APUS.

22. On or about November 30, 2020, during the voyage across the Pacific Ocean towards the United States of America, the Vessel rolled and according to Plaintiff's Complaint, the

Shipments and containers described in Plaintiff's Complaint went overboard or were otherwise damaged.

23. Plaintiff's subrogor contracted with K+N as NVOCC, for the purpose of arranging transportation of its cargo ("Cargo" or "Shipment") to and from the ports identified in Plaintiff's Complaint.

24. According to the Plaintiff's Complaint, after the voyage, the Plaintiff's assured made a claim under its cargo insurance policy to the Plaintiff, its cargo insurer, for the loss of the Cargo.

25. According to Plaintiff's Complaint, Plaintiff adjusted the claim under its cargo insurance policy and is now subrogated to its assured's claim.

**FIRST THIRD-PARTY CAUSE OF ACTION**
**(Indemnification and/or Contribution)**

26. K+N reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 25, inclusive, with the same force and effect as if fully set forth herein.

27. On or about the dates stated in Plaintiff's Complaint, K+N entered into one or more contracts of carriage pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge. In addition, the Carrier Defendants were to ensure that any carriers utilized on the K+N Shipments were reputable and carried the requisite licensure and insurance.

28. K+N's bill of ladings and service agreements with the Carrier Defendants constituted a valid and binding contract under the law.

29. If it is determined that K+N's customer's Shipments were damaged and/or lost and it is determined that K+N is responsible for said losses and/or damages as NVOCC, which is denied, these said losses and/or damages were due to the wrongful acts or omissions,

including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

30. The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of K+N, or its customer, its agents, servants, or employees or by that of its customer.

31. By reason of the alleged damage to or loss of the Shipments, K+N and its customer have or will suffer damages and exposure to claims, including damage to or loss of Shipments.

32. If it is determined that K+N is responsible for the alleged damage or loss of its customer Shipments and/or any other losses of any nature whatsoever, which is denied, then, all of K+N's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of the Carrier Defendants and/or its agents acting on its behalf, including as NVOCC, without any fault of K+N or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to K+N for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

33. In the event that K+N is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, which is denied, said liability being expressly denied by K+N, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, K+N should be granted full recovery over and against, and be indemnified by, or secure contribution from the Carrier Defendants for all sums so recovered against K+N, including attorneys' fees, expenses, interest, and costs.

**SECOND THIRD-PARTY CAUSE OF ACTION**
**(Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)**

34. K+N reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 33, inclusive, with the same force and effect as if fully set forth herein.

35. The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

36. In consideration for specified fees and charges, the Carrier Defendants, who were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Plaintiff's Complaint, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

37. According to the Plaintiff's Complaint, the Shipments were in good order and condition when it was tendered to the Carrier Defendants or entities acting on its behalf, at the ports of loading as stated in Plaintiff's Complaint.

38. As stated in Plaintiff's Complaint, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

39. At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

40. The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants'

negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments and the unseaworthiness of the carrying vessel and container.

41. As a proximate result of the foregoing, K+N, and those on whose behalf it brings suit, has sustained or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

42. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

**THIRD THIRD-PARTY CAUSE OF ACTION**
**(Breach of Warranties and Nondelegable Cargoworthiness Duties)**

43. K+N reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 42, inclusive, with the same force and effect as if fully set forth herein.

44. The carrying vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the vessel.

45. The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargo worthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

46. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Container on board the Vessel while the Container was in their custody and control.

47. The Carrier Defendants, or entities acting on their behalf, were also responsible for the pre-trip receipt, inspection, and preparation of the Container.

48. If it is determined that the Shipments was damaged during carriage, the damage is a result of the Carrier Defendants' failure.

49. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

50. The Carrier Defendants, or entities acting on their behalf, were also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

51. If it is determined that the Shipments were damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

52. If the Cargo was damaged, the alleged damage was caused in whole or in part by the mishandling by the Carrier Defendants or entities acting on their behalf, during the subject multimodal transportation.

53. Accordingly, the Carrier Defendants are liable to K+N as a result of the breaches of their nondelegable duties and breaches of warranties with respect to the Shipments and the Container.

54. As proximate result of the foregoing, K+N, and those on whose behalf it sues, has or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

**FOURTH THIRD-PARTY CAUSE OF ACTION**
**(General Negligence)**

55. K+N reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 54, inclusive, with the same force and effect as if fully set forth herein.

56. The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of K+N's Shipments to the actual carriers of the Shipments.

57. The alleged damage to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants. Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to K+N.

58. If it is determined that the Shipments was damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against K+N in this litigation.

59. As proximate result of the foregoing, K+N, and those on whose behalf it sues, has or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

**FIFTH THIRD-PARTY CAUSE OF ACTION**
**(Claim for Liability to Customer)**

60. K+N reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 58, inclusive, with the same force and effect as if fully set forth herein.

61. As stated in Plaintiff's Complaint, the shippers, consignees, or owners of the Shipments shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

62. As stated in Plaintiff's Complaint, K+N was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

63. According to the Complaint, the Shipments were delivered by K+N's customer and K+N, as NVOCC, in actual good order and condition to the Carrier Defendants.

64. At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to K+N's customer, according to the Plaintiff's Complaint. the Shipments were either not delivered or damaged.

65. As a result of Carrier Defendants' failure to redeliver K+N's customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to K+N's customer for their full losses in an amount to be determined.

**WHEREFORE**, Third Party Plaintiff K+N prays that:

1. For judgment in favor of K+N against the Carrier Defendants jointly and severally, for whatever amount is assessed against them after a trial;

2. That the Carrier Defendants be found to be liable for indemnity to K+N and for all such sums for which K+N may be found liable, including attorneys' fees, interest, costs, and disbursements;

3. Judgment be entered in favor of K+N as against the Carrier Defendants for contribution toward any losses or damages suffered by K+N to the Plaintiff, which is denied, including legal fees and disbursements incurred in defense of claims;

4. Pursuant to FED. R. CIV. P. 14(c), that the Carrier Defendants be required to appear and answer the Plaintiff's Complaint as if they were direct defendants included therein; and

5. Judgment be entered in favor of K+N for such other and further relief as this Court deems just and proper.

Dated: February 18, 2022

Respectfully submitted,

**SPECTOR RUBIN, P.A.**

By: */s/ Andrew R. Spector*
Andrew Spector (AS-3887)
3250 Mary Street, Suite 405
Miami, FL 33133
andrew.spector@spectorrubin.com

*/s/ Troy Geisser*
Troy Geisser, (TG-9012)
11 Broadway, Suite 615
New York, New York 10004
troy.geisser@spectorrubin.com
Telephone: (305) 537-2000
Facsimile: (305) 537-2001

***Attorneys for Defendant, Kuehne + Nagel Inc. d/b/a Blue Anchor America Line***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 18 February 2022, *via the Court's CM/ECF system*, which shall notify all parties of record.

**SPECTOR RUBIN, P.A.**

By: */s/ Andrew Spector*
Andrew Spector (AS-3887)