UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROANOKE INSURANCE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> KUEHNE + NAGEL INC. d/b/a <br> BLUE ANCHOR AMERICA LINE and <br> SHIPCO TRANSPORT, <br><br> Defendants. | **DEFENDANT, KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE'S ANSWER AND AFFIRMATIVE DEFENSES** <br><br> Case No: 1:21-cv-10172-RA |

Defendant, KUEHNE + NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE (hereinafter "K+N" and/or "Defendant"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses, in response to the allegations contained in Plaintiff's Amended Complaint [D.E. 5], and upon information and belief states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Admit that plaintiff brings a claim under Rule 9(h). Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Admit as to this Defendant. Unknown as to other Defendants.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Admit.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

1

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Denied as to this Defendant. Unknown as to other Defendants.

10. Denied as to this Defendant. Unknown as to other Defendants.

11. Denied as to this Defendant. Unknown as to other Defendants.

12. Denied.

13. Denied.

**WHEREFORE,** Defendant respectfully requests that the instant Amended Complaint be dismissed as to K+N together with an award of costs and any other further relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant would show that the Complaint fail to state a cause of action upon which relief can be granted. Specifically, but not inclusive, the subject Complaint fails delineate sufficient specific factual support of breaches of any transportation services agreements, or specific instances of breach of negligent conduct in violation of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

### Second Affirmative Defense

Plaintiffs have failed to perform the conditions precedent necessary for the maintenance of this action, including but not limited to failure to comply with notice of loss requirements and/or to satisfy any outstanding debts or obligations. This failure constitutes both a failure to comply with conditions precedent to the proper maintenance of this action.

### Third Affirmative Defense

Defendant asserts that the subject claims are time-barred pursuant to applicable limitation of action provision, whether by treaty, statute or contract.

### Fourth Affirmative Defense

Plaintiffs have failed to mitigate damages and its claims are therefore barred in whole or in part.

### Fifth Affirmative Defense

Defendant operates pursuant to Terms and Conditions of Service which expressly limits its liability based upon the types of services performed. Defendant operates under the terms and conditions as set forth in governing transport documents and/or as maintained on their website(s), invoices, etc., and claims right and entitlement to all limiting and exculpatory provisions therein. Defendant provided services according to and in reliance upon said Terms and Conditions. Having performed said services to its full contractual obligation while relying upon said terms and conditions of service, Defendant is not liable with respect to any allegation of the Complaint as alleged; and/or its liability is limited.

### Sixth Affirmative Defense

Defendant would state that any loss or damage to the goods or other economic losses resulted from the acts or omissions of the carriers and/or warehousemen of the goods while said carriers and/or warehousemen were acting as agents for the shipper or consignee, for which acts or omissions Defendant has no liability.

### Seventh Affirmative Defense

Defendant claims benefit of all rights, limitations, and defenses provided by the Harter Act of 1893, 46 U.S.C. § 190 et seq. (46 U.S.C.S. §30701 et seq.) and the United State Carriage of

3

Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. § 30701 et seq.), including, but not limited to **(a)** Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship; **(b)** Fire, unless caused by the actual fault or privity of the carrier; **(c)** Perils, dangers, and accidents of the sea or other navigable waters; **(d)** Act of God; **(e)** Act of war; **(f)** Act of public enemies; **(g)** Arrest or restraint of princes, rulers, or people, or seizures under legal process; **(h)** Quarantine restrictions; **(i)** Act of omission of the shipper or owner of the goods, his agent or representative; **(j)** Strikes or lockouts or stoppage or restraint of labor from whatever cause; **(k)** Riots and civil commotions; **(l)** Saving or attempting to save life or property at sea; **(m)** Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods; **(n)** Insufficiency of packing; **(o)** Insufficiency or inadequacy of marks; **(p)** Latent defects no discoverable by due diligence; and (q) Any other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; all of which are incorporated herein by reference.

**Eighth Affirmative Defense**

Defendant states that the subject loss, if any, occurred due to the intervening, superseding, or concurring actions or inactions of third parties not under the control of Defendant, for which Defendant has no liability.

**Ninth Affirmative Defense**

Defendant also claims the right, entitlement and benefit to and of any and all liability limiting and exculpatory terms and conditions of other transportation intermediaries and/or logistics providers, whether parties or non-parties hereto.

**Tenth Affirmative Defense**

Defendant specifically asserts the right and entitlement to liability limitations as set forth

4

in any governing agreements.

### Eleventh Affirmative Defense

Defendant states that Plaintiffs have failed to join necessary and indispensable parties to this matter, including but not limited to insurers and real parties interest.

### Twelfth Affirmative Defense

Any liability of Defendant, such liability being specifically denied, is limited by the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. §30701 et seq.) and/or other applicable law to $500 per package or customary freight unit.

### Thirteenth Affirmative Defense

Defendant is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the bill(s) of lading, tariffs, contracts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties including but not limited to any applicable express liability limitation on the basis of $50.00 per shipment; $.050 cents per pound;  or $500.00 per package.

### Fourteenth Affirmative Defense

The maximum liability of Defendant, if any, is specifically limited as agreed to in the provisions of the waybill(s), tariffs, contracts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.  Defendant claims the rights and benefits thereunder.  Defendant states that the damage sustained by Plaintiffs, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiffs or persons or parties other than Defendant, for whose acts said Defendant is not liable or responsible and is not the result of any negligence, breach of contract,

fault or want of care on the part of Defendant, who faithfully discharged all of their duties.

### Fifteenth Affirmative Defense

Defendant asserts all defenses under its contract with the shipper and/or consignee including but not limited to breach of warranty on the part of Plaintiff; limitations of liability, notice of claim, force majeure and contractual time for suit provisions. Further invokes all indemnity provisions of the subject agreements arising out of Plaintiff's breach of warranty.

### Sixteenth Affirmative Defense

Defendant does not owe Plaintiff or third-party plaintiffs any duty or warranty under the law or pursuant to contract and did not breach any duty or warranty.

### Seventeenth Affirmative Defense

In the event there is any loss to the cargo as alleged in the Complaint, which is denied, such loss arose or resulted from the condition of the cargo when delivered or from an inherent defect, quality or vice of the goods or insufficiency of packaging, or by act of omission of the shipper or owners of the goods, their agents or representatives, including but not limited to, acts or omissions of the shipper's representative at the ports of loading, transshipment and discharge and, therefore, Answering Defendant has no liability in this matter.

### Eighteenth Affirmative Defense

If there was any loss to the cargo as alleged in the Complaint, which is denied, such loss arose or resulted from Plaintiff's failure to use due care under the circumstances in shipping or transporting the cargo, including but not limited to negligent stowage, and transportation of the cargo and failing to provide proper and/or adequate carriage and instructions, and, therefore, answering Defendant is not liable.

**Nineteenth Affirmative Defense**

If there was any loss to the cargo as alleged in the Complaint which is denied, such loss or damage arose or resulted from the negligent packing, packaging, stuffing, and/or labeling of the cargo by Plaintiff, third-party plaintiffs and/or their agents hereto.

**Twentieth Affirmative Defense**

To the extent applicable, Answering Defendant claims the benefit to all rights and defenses under the limitation statutes of the United States, particularly the Limitation of Liability Act, 46 U.S.C. app. § 183 et seq. (46 U.S.C.S. § 30501 et seq.).

**Twenty-First Affirmative Defense**

Notice of the alleged damage to cargo was not given within three (3) days after discharge and, therefore, under the Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. § 30701 et seq.) and/or other applicable laws, and, if so, it must be presumed that no damage occurred.

**Twenty-Second Affirmative Defense**

In the event there is any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage is the result of a peril of the sea and/or act of God for which Answering Defendant is not liable.

**Twenty-Third Affirmative Defense**

Defendant claims all rights and protections under the bills of lading issued by any and all carriers for the subject shipments.

**Twenty-Fourth Affirmative Defense**

The losses, damages, and/or charges and expenses suffered by or in connection with Plaintiffs' cargoes, as well as the casualty alleged in the Complaint and the events following

7

on from the casualty, resulted from causes not within the privity and knowledge of Defendant and not within the privity and knowledge of any other person or entity imputable to Defendant.

### Twenty-Fifth Affirmative Defense

The shipments in question, to the extent that any are determined to have been the responsibility of Defendant as a NVOCC, were subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act, including, but not limited to, the fire defense (COGSA Section 4(2)(b)), or any other applicable cargo liability regime.

### Twenty-Sixth Affirmative Defense

The shipments in question, to the extent that any are determined to have been the responsibility of Defendant as a NVOCC, were subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under bills of lading and sea waybills issued by Defendant including, but not limited to, the fire defense and others listed in Defendant's terms and conditions of carriage.

### **RESERVATION OF RIGHTS**

Defendant reserves its right to modify and assert additional affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, for each of the reasons set forth above, Defendant respectfully requests that this Court enter an Order dismissing the Amended Complaint [D.E. 5] in its entirety as it pertains to the instant Defendant, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to Answering Defendant, and together with any other relief the Court deems just and proper.

Dated: February 4, 2022            Respectfully submitted,

                                   **SPECTOR RUBIN, P.A.**

                        By:        */s/ Andrew R. Spector*
                                   Andrew Spector (AS-3887)
                                   3250 Mary Street, Suite 405
                                   Miami, FL 33133
                                   andrew.spector@spectorrubin.com

                                   */s/ Troy Geisser*
                                   Troy Geisser, (TG-9012)
                                   11 Broadway, Suite 615
                                   New York, New York 10004
                                   troy.geisser@spectorrubin.com
                                   Telephone: (305) 537-2000
                                   Facsimile: (305) 537-2001

                                   ***Attorneys for Defendant, Kuehne + Nagel Inc. d/b/a Blue Anchor America Line***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 4 February 2022, *via the Court's CM/ECF system*, which shall notify all parties of record.

                                   **SPECTOR RUBIN, P.A.**

                        By:        */s/ Andrew Spector*
                                   Andrew Spector (AS-3887)

9